**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC S. RINGWALD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:08CV801-DJS |
| | ) | |
| **THE PRUDENTIAL INSURANCE COMPANY** | ) | |
| **OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Eric S. Ringwald challenges the discontinuation of his long-term disability benefits under a group insurance plan ("the Plan") in which he participated through his employer, Harrah's Casino. The Plan, identified as "Harrah's Operating Company, Inc. Short Term Disability-Grade 17 and below/Long Term Disability-Grade 22 and below," is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. Now before the Court is defendant The Prudential Insurance Company of America's motion for summary judgment.

In determining whether summary judgment should issue, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the movant to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Matsushita Electric Industrial Co. v. Zenith

Radio Corp., 475 U.S. 574, 586-87 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §2739 (1983).

The Supreme Court has indicated that: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). Thus, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'." Id. at 587. The Eighth Circuit has acknowledged that the trilogy of Supreme Court opinions demonstrates that the courts should be "more hospitable to summary judgments than in the past" and that a motion for summary judgment "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of

material fact." City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc., 838 F.2d 268, 273 (8th Cir. 1988).

The following facts are undisputed for purposes of the instant motion. As of April 2004, plaintiff worked as a Game Table Dealer at Harrah's Casino, and was a participant in the Plan. In October 2005, plaintiff submitted a claim for long-term disability ("LTD") benefits. Plaintiff claimed he had been disabled since April 16, 2004, and was unable to work because of depression and/or bipolar disorder, and HIV.[1] Defendant paid plaintiff benefits for the 24-month period from July 17, 2004 through July 16, 2006, but terminated his benefits thereafter. Plaintiff appealed the termination under the administrative provisions of the plan, without success.

In 29 U.S.C. §1002(1), ERISA defines "employee welfare benefit plan" in pertinent part as:

> any plan, fund, or program...established or maintained by an employer...for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death....

Plaintiff's complaint alleges, and in response to defendant's motion admits, that the Plan at issue is subject to ERISA. Complaint [Doc. #1], pp.1-2; Pltf. Brief [Doc. #20], p.2. Plaintiff's challenge to the termination of his LTD benefits

---

[1] "HIV" means human immunodeficiency virus. Plaintiff tested positive for HIV in 1998.

requires the Court to determine the proper standard of review of that determination under ERISA.

An abuse of discretion standard of review is applicable where the plan administrator had the discretionary authority to determine eligibility for benefits under the employee benefit plan. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Jackson v. Prudential Ins. Co. of America, 530 F.3d 696, 701 (8th Cir. 2008). Plaintiff acknowledges that explicit language granting such discretionary authority is found in the Summary Plan Description for the LTD plan. See Affidavit of Edith J. Ewing, [Doc. #9-2], p.48 of 53. Plaintiff nonetheless contends that defendant is unable to establish that it had such discretionary authority under the Plan because defendant fails to show that the insurance policy or the Summary Plan Description ("SPD") are ERISA plan documents. That the policy itself is a plan document is apparent from ERISA's definition of "plan" applied in the context of this case. 29 U.S.C. §1002(1)(A); see also Musto v. American General Corp., 861 F.2d 897, 900-01 (6th Cir. 1988).

As to the Summary Plan Description, plaintiff relies upon the Seventh Circuit decision in Schwartz v. Prudential Ins. Co. of America, 450 F.3d 697, 700 (7th Cir. 2006), holding that an SPD is unable to provide the plan administrator with discretionary authority where the plan itself fails to do so. The view in the Eighth Circuit is otherwise, however, with the Court of Appeals plainly stating that summary plan descriptions are considered part

4

of the ERISA plan document. See, e.g., Hughes v. 3M Retiree Medical Plan, 281 F.3d 786, 789 (8th Cir. 2002); Jensen v. SIPCO, Inc., 38 F.3d 945, 450 (8th Cir. 1994). Here, as in Jackson v. Prudential, "the proper standard of review...is for abuse of discretion because the summary plan description grants Prudential discretionary authority both to determine benefit eligibility and to construe the terms of the group contract." Jackson, 530 F.3d at 701. Under this standard of review, the plan administrator's decision is subject to reversal by the reviewing court only if it is "arbitrary and capricious." "When a plan administrator offers a reasonable explanation for its decision, supported by substantial evidence, it should not be disturbed." Ratliff v. Jefferson Pilot Fin. Ins. Co., 489 F.3d 343, 348 (8th Cir. 2007).

The Eighth Circuit has held that a less deferential standard of review may be applied if "the insurance company that benefits financially from the claim's denial is also the ERISA plan administrator." Glenn v. Life. Ins. Co. of North America, 240 F.3d 679, 680 (8th Cir.)(citation omitted), cert. denied, 534 U.S. 893 (Oct. 1, 2001). However, that less deferential standard of review is not automatic. Id. at 680-81 (citation omitted). See also Davolt v. Exec. Comm. of O'Reilly Automotive, 206 F.3d 806, 809 (8th Cir. 2000)(citing Armstrong v. Aetna Life Ins. Co., 128 F.3d 1263, 1265-66 (8th Cir. 1997)). The beneficiary must make a showing that "under the particular facts and circumstances of the case . . . a conflict or procedural irregularity so tainted the

5

process that it caused a serious breach of fiduciary duty." Glenn, 240 F.3d at 681 (citation omitted).[2]

In his resistance to defendant's motion for summary judgment, plaintiff argues that he is entitled to discovery on the issue of conflict of interest. This argument was made in a brief filed on October 22, 2008. Any weight the argument might have had when first asserted is eliminated by the passage of a considerable period of time during which discovery could have been had on the issue. As of this writing, five months have elapsed in which plaintiff could have sought such discovery and filed a memorandum relying on its fruits. Despite this opportunity, plaintiff has failed to produce evidence showing that the denial of his claim was connected to a financial conflict of interest. See Glenn, 240 F.3d at 681. Plaintiff therefore fails to demonstrate that a de novo standard of review applies.

The abuse of discretion standard of review requires consideration of whether the plan administrator was "arbitrary and capricious" in making its determination. See Schatz, 220 F.3d at 947 n.4. The Court must consider "whether the decision to deny . . . benefits was supported by substantial evidence, meaning more

---

[2] See also Schatz v. Mutual of Omaha Ins. Co., 220 F.3d 944, 947 (8th Cir. 2000)(requiring "material, probative evidence demonstrating that (1) a palpable conflict of interest . . . existed, which (2) caused a serious breach of the plan administrator's fiduciary duty" in order to trigger less deferential standard of review)(citation and quotation marks omitted).

6

than a scintilla but less than a preponderance." Id. at 949 (citation omitted). "Provided the decision is supported by a reasonable explanation, it should not be disturbed, even though a different reasonable interpretation could have been made." Id. (citations and quotation marks omitted). The Court makes this determination by considering "only the evidence that was before the administrator when the claim was denied." Id. (citation and quotation marks omitted). Defendant argues that its determination denying plaintiff benefits was not arbitrary and capricious, and that defendant is therefore entitled to judgment as a matter of law.

Defendant's denial of benefits beyond 24 months was based on two determinations. First, defendant concluded that plaintiff's schizoaffective disorder, depression, paranoid delusions and bipolar disorder are "mental illnesses" as defined in the controlling plan document so that any disability due in whole or part to them was subject to a limit of 24 months of benefits under the Plan's terms. That any disability attributable to such conditions properly lies within the Plan limitation on mental illness is supported by the language of the Plan. See Affidavit of Edith J. Ewing, [Doc. #9-2], pp.32-33 of 53. That plaintiff had exhausted the 24-month maximum for any disability due to mental illness is stated in defendant's letter of February 5, 2008, which sets forth the basis for the final determination of plaintiff's

7

administrative appeals. Administrative Record [Doc. #10], pp.437-39.[3]

Second, to the extent plaintiff's claim for LTD was predicated upon his HIV, defendant determined that plaintiff was not disabled from all occupations by his HIV status. Defendant concluded that "there is no support for any restrictions or limitations from any one physical condition or combination of physical conditions that would cause functional impairment beyond July 15, 2006." Administrative Record [Doc. #10], p.439. In support of this conclusion, defendant relied upon the opinion of Dr. Michael Silverman, a specialist in infectious disease and internal medicine.

In Dr. Silverman's report to defendant, dated June 27, 2007, he opined as follows:

> Upon review of the medical records, the claimant has a diagnosis of HIV, which is managed by [an] excellent regimen of therapy. There is no evidence that the claimant is functionally impaired due to this condition specifically as of 7/16/06, forward....Specifically in relation to his infectious disease diagnosis of HIV, as of the time period in question, there is no evidence of impairment. This is well controlled with the current treatment regimen....Solely in relation to his infectious disease diagnosis of HIV, as described above..., Mr. Ringwald has no evidence of impairment as of the time

---

[3] In opposition to the summary judgment motion, plaintiff complains that defendant erroneously concluded that a mental illness caused or contributed to cause any disability that extended beyond the initial 24 months of coverage. Rather than terminate coverage based on a determination that mental illness was the cause of any disability, defendant noted that any such disability would exceed the Plan's coverage.

> period in question that would limit or restrict his ability to function.

Administrative Record [Doc. #10], p.52. In opposition to defendant's reliance upon Dr. Silverman's opinion, plaintiff argues that his treating physician's contrary opinion was the better supported. Defendant properly replies that, under the case law governing ERISA determinations, the opinions of treating physicians are not entitled to any greater weight than the opinions of doctors based on review of the medical records. See, e.g., Groves v. Metropolitan Life Ins. Co., 438 F.3d 872, 875 (8th Cir. 2006), *citing* Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825 (2003) (holding that the "treating physician rule" does not apply to disability determinations under employee benefit plans covered by ERISA).

Because defendant's determinations were supported by substantial evidence and a reasonable basis in the administrative record, the Court concludes as a matter of law that defendant's determinations were not arbitrary or capricious. Under the applicable standard of review, defendant is entitled to summary judgment in its favor. Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #7] is granted.

Dated this ___24th___ day of March, 2009.

                                               /s/Donald J. Stohr
                                               UNITED STATES DISTRICT JUDGE